```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIOLET HAMILTON,

                    Plaintiff,

       -against-

NEW YORK FOUNDLING,

                    Defendant.

23 Civ. 0536 (JHR)

ORDER OF SERVICE

JENNIFER H. REARDEN, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that Defendant discriminated against her based on her national origin. The Court construes Plaintiff's allegations as also asserting related state-law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F. 3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By order dated January 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant New York Foundling through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the amended complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons, complete the USM-285 form with the address for New York Foundling, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   June 15, 2023
         New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

New York Foundling
590 Avenue of Americas
New York, New York 10011